IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy L. Lawson, ) | C/A No. 0:14-4662-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Tommy L. Lawson, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and that the case should be remanded to the Commissioner for further administrative action.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

>   (1)   whether the claimant is engaged in substantial gainful activity;
>
>   (2)   whether the claimant has a "severe" impairment;
>
>   (3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;
>
>   (4)   whether the claimant can perform his past relevant work; and
>
>   (5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## ADMINISTRATIVE PROCEEDINGS

In May 2011, Lawson applied for DIB, alleging disability beginning May 16, 2010. Lawson's application was denied initially and upon reconsideration, and he requested a hearing

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



before an administrative law judge ("ALJ"). A video hearing was held on April 24, 2013, at which Lawson, who was represented by Carole M. Dennison, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on August 8, 2013 finding that Lawson was not disabled. (Tr. 21-33.)

Lawson was born in 1959 and was fifty years old on May 16, 2010—the alleged disability onset set. (Tr. 174.) He has a high-school education and has past relevant work experience as a security guard, a caterer, and a management specialist in the United States Navy. (Tr. 207.) Lawson alleged disability due to degenerative joint disease in the right shoulder and knees. (Tr. 206.)

In applying the five-step sequential process, the ALJ found that Lawson had not engaged in substantial gainful activity since May 16, 2010—the alleged disability onset date. The ALJ also determined that Lawson's history of a left knee disorder incurred in June 2012 and history of bilateral shoulder osteoarthritis with tears status-post repairs were severe impairments. However, the ALJ found that Lawson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Lawson retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) as follows. Specifically, the claimant is able to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently as defined in the Dictionary of Occupational Title (DOT) and Social Security Regulations. This includes sedentary work as defined in DOT and regulations. If someone can do light work, it is opined that this person can also perform sedentary work that are inclusive within this exertional level. The claimant has no limits for sitting in an eight-hour workday. He is capable of standing and/or walking for up to six hours in an eight-hour workday. He is capable of occasional climbing ramps and stairs, crouching, and stooping. He is to perform no crawling, no kneeling, and no climbing of ladders, ropes, or scaffolds. In the course of work, he is to perform no overhead reaching, no overhead lifting or no overhead carrying with the bilateral upper extremities. He retains the capacity to understand, remember and carry out at least SVP 3 - SVP 4 instructions and perform SVP 3 - SVP 4 tasks

as consistent with semi-skilled work. The claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week.

(Tr. 26.) The ALJ found that Lawson was capable of performing past relevant work as a security guard, and that this work did not required the performance of work-related activities precluded by Lawson's residual functional capacity. Additionally, the ALJ made an alternative finding that, even though Lawson was capable of performing past relevant work, considering Lawson's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Lawson could perform. Therefore, the ALJ found that Lawson was not disabled from May 16, 2010 through the date of her decision.

The Appeals Council denied Lawson's request for review on October 22, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.



Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Lawson raises the following issues for this judicial review:

1. The ALJ erred by assigning little weight to the Veteran's Affairs disability determination finding Lawson totally disabled without showing that the record before the ALJ clearly demonstrated that a deviation from "significant weight" was appropriate.

2. The ALJ erred by assigning little weight to the opinion of Claimant's treating mental health therapist, Susan Vigeant, APRN, that Lawson is incapable of sustaining employment as a result of the severity of his psychiatric symptoms.

3. The ALJ erred by assigning little weight to the opinion of William F. Ward, M.D. that Lawson is unable to maintain gainful employment even in sedentary capacities due to his impairments.

4. The ALJ failed to comply with SSR 96-8p in assessing Lawson's residual functional capacity because the ALJ's residual functional capacity assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p.

5. The ALJ did not follow the "slight abnormality" standard by failing to find that Lawson's PTSD, depression and anxiety are severe impairments.

6. The ALJ erred when she ignored the testimony of the vocational expert that there is no work that Lawson can perform upon a proper consideration of all of Lawson's limitations.

(Pl.'s Br., ECF No. 12.)

## DISCUSSION

Lawson first argues that the ALJ erred in weighing the disability rating of the Department of Veterans Affairs, citing Bird v. Astrue, 699 F.3d 337 (4th Cir. 2012). Pertinent here, in Bird, the United States Court of Appeals for the Fourth Circuit addressed for the first time the weight that the



Social Security Administration must afford to a Department of Veterans Affairs ("VA") disability rating. Specifically, the Bird Court held that

> in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Bird, 699 F.3d at 343.

Here, the ALJ observed and found as follows:

> On May 12, 2011, the Department of Veteran's Affairs had issued a favorable decision regarding the claimant's entitlement to unemployability effective January 16, 2010. It was determined that the claimant's degenerative joint disease in the left knee was 30 percent disabling, degenerative joint disease in the right knee was 20 percent disabling, and rotator cuff tendonitis of the right shoulder status post-surgery with scars was 20 percent disabling. (Exhibit 2D) The undersigned notes that the United States Department of Veterans Affairs (VA) disability ratings are based on the VA rules and regulations. The VA's definition of disability and the procedures employed to evaluate the degree of disability is based on different definitions, procedures, regulatory findings and assumptions than those employed by the Social Security Administration. Therefore, this opinion is given little weight.

(Tr. 29.) However, the Bird Court observed the following similarities between the two programs, stating that

> both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. . . .
>      . . . . The VA rating decision reached in Bird's case resulted from an evaluation of the same condition and the same underlying evidence that was relevant to the decision facing the SSA. Like the VA, the SSA was required to undertake a comprehensive evaluation of Bird's medical condition. Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency.

Bird, 699 F.3d at 343 (internal citations and quotation marks omitted).  The Commissioner points out that unlike Bird, the record in this case contains evidence following the VA rating decision.  However, this does not relieve the ALJ from properly evaluating the VA rating decision.  In this case, the ALJ offered one reason for affording the VA rating decision little weight:  the differences in the VA's definition of disability and the procedures employed to evaluate the degree of disability.  Bird, however, instructs that these differences are not alone sufficient reason to discount a VA decision.  Thus, the court finds that the ALJ failed to give appropriate weight to the VA rating decision.  See id. at 341 n.1 (noting that "[b]ecause we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, as assessment of the weight of the evidence must be left to the ALJ on remand in the first instance").

Further, although Lawson requests that this matter be remanded for an award of benefits, the court finds that Lawson's entitlement to benefits is not wholly established and that this matter should be remanded for further consideration and assessment of the above discussed evidence by the ALJ in the first instance.  See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award of benefits was warranted where the individual's entitlement to benefits was "wholly established" on the state of the record); Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)); cf. Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy:  Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.").



Finally, the court finds that consideration of the VA disability rating may render the remainder of Lawson's issues moot on remand. Thus, the court need not address these remaining issues. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Lawson may present his remaining arguments concerning the ALJ's alleged errors on remand.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 16, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).